TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
PENELOPE J. BRADY
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
775) 784-5438
Penelope.Brady@usdoj.gov

*Representing the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DYLAN ANDERSON,<br><br>Defendant. | Case No.: 3:25-cr-00037-ART-CSD<br><br>**STIPULATION TO CONTINUE MOTION DEADLINES AND TRIAL DATES**<br><br>(Second Request) |

IT IS HEREBY STIPULATED AND AGREED by and through TODD BLANCHE, Deputy Attorney General of the United States, PENELOPE J. BRADY, Assistant United States Attorney, counsel for the United States of America, and ALLIE WILSON, counsel for Defendant DYLAN ANDERSON, that the calendar call currently scheduled for Tuesday, April 14, 2026 at 11:00 a.m., be vacated and continued to **Tuesday, September 29, 2026, at 11:00 a.m. via video,** and the trial scheduled for Tuesday, May 5, 2026 at 9:00 a.m., be vacated and continued to **Tuesday, October 20, 2026, at 9:00 a.m.**

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that the parties herein shall have to and including August 14, 2026, to file any and all pretrial motions and notices of defense.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including August 28, 2026, to file any and all responsive pleadings.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including September 4, 2026, to file any and all replies to dispositive motions.

The Stipulation to continue is entered into for the following reasons:

1. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

2. Defendant DYLAN ANDERSON is not detained in this matter. The defendant consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or be resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6. Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the second stipulation to continue filed herein.

DATED this 13th of February 2026.

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General of the United States

*/s/ Penelope J. Brady*
PENELOPE J. BRADY
Assistant United States Attorney

RENE L. VALLADARES
Federal Public Defender

*/s/ Allie Wilson*
ALLIE WILSON
Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DYLAN ANDERSON,

Defendant.

Case No.: 3:25-cr-00037-ART-CSD

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

**FINDINGS OF FACT**

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

The continuance is necessary for the following reasons:

1. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

2. Defendant DYLAN ANDERSON is on bond and consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or be resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6. Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the second stipulation to continue filed herein.

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

**ORDER**

IT IS FURTHER ORDERED that the parties herein shall have to and including August 14, 2026, to file any and all pretrial motions and notices of defense.

IT IS FURTHER ORDERED that the parties shall have to and including August 28, 2026, to file any and all responsive pleadings.

IT IS FURTHER ORDERED that the parties shall have to and including September 4, 2026, to file any and all replies to dispositive motions.

IT IS FURTHER ORDERED that the calendar call currently scheduled for Tuesday, April 14, 2026 at 11:00 a.m., be vacated and continued to **Tuesday, September 29, 2026, at 11:00 a.m. via video,** and the trial scheduled for Tuesday, May 5, 2026 at 9:00 a.m., be vacated and continued to **Tuesday, October 20, 2026, at 9:00 a.m.**

IT IS SO ORDERED.

Dated this ____ day of February, 2026.

_______________________________
HONORABLE ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE